ANYA HOSKINS,

        Plaintiff,

        v.

TOUCHETTE REGIONAL HOSPITAL,

        Defendant.

Case No. 11-cv-1090-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Anya Hoskins' motion for leave to proceed *in forma pauperis* (Doc. 2), motion to appoint counsel (Doc. 3) and motion for service of process at government expense (Doc. 4).

**I.**      *In Forma Pauperis* **Status and Service**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis. Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Hoskins' affidavit that she is indigent. Furthermore, there is no indication that Hoskins' claim is frivolous. Therefore, the Court **GRANTS** Hoskins' motion for

leave to proceed *in forma pauperis* (Doc. 2)

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States marshal or deputy marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3). Accordingly, the Court also **GRANTS** Hoskins' motion for service of process at government expense (Doc. 4)

If the plaintiff wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

## II.    Appointment of Counsel

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Hoskins has demonstrated that she has made reasonable attempts to retain counsel but was not able to do so before it was necessary to file this suit. However, it appears that at least one of her inquiries – Larry Bagsbee – might be fruitful in the future. Additionally, because this type of suit carries the possibility of an award of attorney fees, it is likely that she will be able to locate counsel to represent her. The Court further notes that Hoskins has a college degree and appears, at least so far, to be capable of litigating this case on her own. She has demonstrated that she can effectively communicate in writing, understands the applicable legal claims and appreciates court deadlines. The Court encourages Hoskins to keep searching for an attorney and, if she is unable to find one, to reapply at a later date for Court-appointed counsel. In the meantime, this case will proceed with Hoskins appearing *pro se*. For the foregoing reason, the Court **DENIES** Hoskins' motion for appointment of counsel (Doc. 3) **without prejudice.**

**IT IS SO ORDERED.**
**DATED: December 16, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
